1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 VINCENT PROCOPIO,<br><br>12<br><br>13          Plaintiff,<br><br>14 v.<br><br>15 CONRAD PREBYS TRUST, dba<br>SECURE SELF STORAGE, LLC;<br>16 GREGORY J. SMITH; MINICO<br>INSURANCE AGENCY, LLC; and<br>17 WILLIAM RITCH, an individual dba<br>WEST COAST AUCTIONS;<br><br>18<br><br>19         Defendants. | ) Case No. 14cv1651 AJB (KSC)<br>)<br>) ORDER:<br>)<br>) (1) SUA SPONTE DISMISSING<br>) PLAINTIFF'S 42 U.S.C. SECTION<br>) 1983 CLAIM PURSUANT TO 28<br>) U.S.C. SECTION 1912(e)(2)<br>)<br>)<br>) (2) GRANTING DEFENDANTS'<br>) MOTION TO QUASH SERVICE OF<br>) PROCESS AND SET ASIDE ENTRY<br>) OF DEFAULT;<br>)<br>) (3) DENYING DEFENDANTS'<br>) MOTION TO DISMISS PURSUANT<br>) TO RULE 4(m); and<br>)<br>) (Doc. No. 13)<br>)<br>) (4) DENYING WITHOUT<br>) PREJUDICE PLAINTIFF'S MOTION<br>) FOR ACCESS TO THE COURT'S<br>) ELECTRONIC FILING SYSTEM<br>)<br>) (Doc. No. 19)<br>) |

20
21
22
23
24
25

26  ///

27

28  ///

1

## I.   INTRODUCTION

Defendants Conrad Prebys Trust dba Secure Self Storage, LLC and Gregory J. Smith ("Defendants") move to: (1) quash service of Plaintiff Vincent Procopio's ("Plaintiff") amended complaint; (2) dismiss the amended complaint for failure to serve pursuant to Rule 4(m); and (3) set aside the entry of default entered against Defendants. (Doc. No. 13.) Plaintiff filed an opposition on July 15, 2015. (Doc. No. 22.) Concurrently with his opposition, Plaintiff filed a request for access to the court's electronic filing system ("CM/ECF"). (Doc. No. 19.) As set forth more fully below, Defendants' motion to quash service of process and set aside the entry of default is **GRANTED**. Defendants' request to dismiss Plaintiff's amended complaint pursuant to Rule 4(m) is **DENIED**. Plaintiff's motion for access to CM/ECF is **DENIED WITHOUT PREJUDICE**.

## II.   BACKGROUND

On July 11, 2014, Plaintiff, proceeding pro se, filed suit against several parties and moved for leave to proceed in forma pauperis ("IFP"). (Doc. Nos. 1, 2.) In considering Plaintiff's motion to proceed IFP, the Court sua sponte dismissed Plaintiff's complaint for lack of subject matter jurisdiction and directed Plaintiff to file an amended complaint expressly setting forth the grounds for federal jurisdiction. (Doc. No. 3.) Plaintiff thereafter filed two requests for a continuance of time to file an amended complaint, which the Court granted. (*See* Doc. Nos. 4, 5, 6, 7.) Plaintiff filed an amended complaint on December 15, 2014. (Doc. No. 9.) Plaintiff asserts several causes of action against Defendants Conrad Prebys Trust dba Secure Self Storage, LLC ("Conrad Trust"), and Gregory J. Smith ("Smith")[1] which stem from Plaintiff's rental of a storage unit and subsequent auction of his belongings. Plaintiff rented a unit from Conrad Trust and eventually fell behind on his payments for the storage unit. As a result, Defendants auctioned the contents of Plaintiff's storage unit pursuant to provisions of the California Self-Service Storage Facility Act. Plaintiff's amended complaint challenges the constitu-

---

[1] Plaintiff's amended complaint asserts claims against additional defendants, however, those defendants have not been served, challenged service, or otherwise appeared in this action. (*See* Doc. No. 9, ¶¶ 6, 7.)

14v1651 AJB (KSC)

tionality of the California Self-Service Storage Facility Act, and asserts claims for breach of contract, conversion, violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. section 1961 *et seq.*, "RICO") and violation of 42 U.S.C. section 1983.

On April 30, 2015, Plaintiff filed a request for entry of default against Defendants, (Doc. No. 11), which was subsequently entered by the Clerk, (Doc. No. 12). On June 3, 2015, Defendants filed the instant motion. (Doc. No. 13.) The Court issued a briefing schedule and set the motion for hearing on July 16, 2015. (Doc. No. 14.) Plaintiff was mailed a copy of the briefing schedule which was returned to the Court as undeliverable on June 23, 2015. Shortly thereafter, Plaintiff contacted chambers and requested additional time to file an opposition.[2] In light of Plaintiff's pro se status, and because the Court's notice of briefing schedule was not received by Plaintiff, the Court extended the time for Plaintiff to respond to Defendants' motion until July 14, 2015. (Doc. No. 16.) On July 15, 2015, Plaintiff filed a opposition, (Doc. No. 22), and a motion for CM/ECF access, (Doc. No. 19). Defendants filed a reply in further support of their motion on July 21, 2015. (Doc. No. 20.)

## III.   DISCUSSION

### A.   Screening Pursuant to 28 U.S.C. Section 1915(e)(2)

Concurrently with his original complaint, Plaintiff filed a motion to proceed IFP, which was granted. (Doc. No. 3.) Although Plaintiff's original complaint was dismissed for lack of subject matter jurisdiction, the Court is now presented with the amended complaint. When a plaintiff is afforded IFP status, 28 U.S.C. section 1915(e)(2), requires the Court to screen the plaintiff's complaint to ensure the action is not frivolous or malicious, does not fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

---

[2] Prior to contacting chambers, Plaintiff missed the deadline for filing an opposition and Defendants filed a notice of non-opposition. (Doc. No. 15.)

14v1651 AJB (KSC)

1  limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

2  (noting section 1915(e) "not only permits but requires" the court to sua sponte dismiss an

3  IFP complaint that fails to state a claim). Thus, prior to addressing Defendants' motion,

4  the Court must screen Plaintiff's amended complaint.

5      To sufficiently plead a claim upon which relief may be granted, Rule 8[3] provides

6  that a complaint must state the elements of the plaintiff's claim in a plain and succinct

7  manner. *See* Fed. R. Civ. P. 8; *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649

8  (9th Cir. 1984). A complaint must also contain sufficient *factual* matter, accepted as true,

9  to "state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

10  678 (2009) (emphasis added). "A claim has facial plausibility when the plaintiff pleads

11  factual content that allows a court to draw the reasonable inference that the defendant is

12  liable for the misconduct alleged." *Id.* This does not amount to a "probability require-

13  ment," but necessitates "more than a sheer possibility that a defendant has acted unlaw-

14  fully." *Id.* A pro se litigant's complaint, however, is generally entitled to a more liberal

15  interpretation. *See Balisireri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

16      Plaintiff's amended complaint contains five causes of action: (1) a constitutional

17  challenge to select provisions of the California Self-Service Storage Facility Act; (2)

18  RICO violation; (3) conversion; (4) breach of contract; and (5) violation of 42 U.S.C.

19  section 1983. (Doc. No. 20, p. 20.) Much of Plaintiff's amended complaint includes case

20  citations, legal doctrines and public policy arguments presented in a persuasive manner to

21  support Plaintiff's claims. Given the length of the amended complaint, the Court recog-

22  nizes that Plaintiff has taken heed to the Court's prior order dismissing the complaint for

23  failure to sufficiently allege grounds for federal jurisdiction. The amended complaint,

24  however, must also be dismissed in part for failure to state a claim upon which relief may

25  be granted.

26  ///

27

28

---

[3] All citations are to the Federal Rules of Civil Procedure unless otherwise noted.

1.    Claim Challenging the Constitutionality of the California Self-Service Storage Facility Act

Plaintiff's first cause of action challenges the constitutionality of the California Self-Service Storage Facility Act as violative of the Equal Protection Clause. Although this cause of action withstands the Court's screening pursuant to section 1915, because Plaintiff brings a constitutional challenge, he must comply with Rule 5.1, which governs actions questioning the constitutionality of state and federal statutes. Rule 5.1 requires "[a] party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute" to "file a notice of constitutional question" and serve such notice on the relevant sovereign's attorney general. *See Peruta v. Cnty. of San Diego*, 771 F.3d 570, 574 (9th Cir. 2014) *reh'g en banc granted*, 781 F.3d 1106 (9th Cir. 2015) (discussing intervention when the constitutionality of a statute is at issue). Because Plaintiff challenges a state statute, he must notify the California attorney general of his challenge to the Self-Service Storage Facility Act. Plaintiff states in his amended complaint that he will comply with Rule 5.1 after service of the amended complaint on all defendants. (Doc. No. 9, ¶ 18.) However, to protect the State's right to intervene and ensure compliance with Rule 5.1, the Court directs Plaintiff to file a notice that it has complied with Rule 5.1 within thirty (30) days of the date of this order.

2.    Claim Pursuant to 28 U.S.C. Section 1983

Plaintiff's fifth cause of action asserts a violation of section 1983. Plaintiff alleges that the sale of the contents of his storage unit violated section 1983 by violating Plaintiff's Due Process and Equal Protection rights. (*Id.* ¶¶ 272-328.) To state a claim under section 1983, a plaintiff must make a prima facie showing that the defendant acted under color of state law to deprive plaintiff of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not create any substantive rights, operating instead as a vehicle for redressing illegal conduct by government officials. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Thus, a plaintiff must allege that a person acting under color of state law committed the conduct

at issue. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Section 1983 is therefore "generally not applicable to private parties" and a section 1983 action may lie against a private party only when private parties are shown to be "'willful participants in joint action with the state or its agents.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see also Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (describing instances where a private actor's conduct can amount to state action).

Plaintiff's section 1983 claim lacks plausible allegations of state action, and thus fails to state a claim. Although Plaintiff references a significant amount of legal authority related to state action in the context of section 1983, Plaintiff does not allege facts supporting state action in this case. Plaintiff does not identify a state actor or any facts from which the Court can conclude state action was plausible in the sale of Plaintiff's belongings. While it is clear Plaintiff seeks redress for the sale of the contents of his storage unit, how the sale was carried out by a state actor or otherwise implicates state action remains unclear. Plaintiff references Caltrans and a Caltrans Airspace Lease throughout his amended complaint, however, Caltrans is not a named defendant and Plaintiff fails to clarify the role or effect of a Caltrans Airspace Lease on his section 1983 claim. Plaintiff also references Defendant Smith's former role as a county tax assessor, but does not allege how any defendant acted under the color of state law. Finally, although Plaintiff asserts allegations of civil conspiracy as a basis for state action, absent a state actor or government entity, conclusory conspiracy allegations will not sustain Plaintiff's section 1983 claim. Even giving Plaintiff's amended complaint the broad reading afforded to pro se civil rights complaints, *see Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988), the complaint fails to allege state action through facts stemming from this case. Accordingly, Plaintiff's section 1983 claim fails to state a claim upon which relief may be granted and is **DISMISSED WITH LEAVE TO AMEND**.

///

14v1651 AJB (KSC)

### 3. RICO and State Law Claims

Plaintiff's amended complaint also asserts a violation of RICO and state law causes of action for breach of contract and conversion. These claims are sufficiently alleged in the amended complaint for the purposes of section 1915(e)(2) screening. The Court exercises its supplemental jurisdiction power under 28 U.S.C. section 1367 to retain jurisdiction over Plaintiff's state law claims. Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). Finding Plaintiff's remaining claims withstand the Court's screening, the Court now turns to the issue of whether Plaintiff properly served his amended complaint.

### B. Motion to Quash Service of Process

#### 1. Legal Standard

Service of process is a prerequisite for personal jurisdiction over a defendant. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 12(b)(5) allows a defendant to move to dismiss an action where service of process of a summons and complaint is insufficient. *See* Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service under Rule 4.[4] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, the Court has discretion to either dismiss the action or retain the action and quash service of process. *See, e.g.*, *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("[T]he choice between dismissal and quashing service of process is in the district court's discretion.")). If effective service can be made and there has been no prejudice to the defendant, a court will generally quash service rather

---

[4] Service of the amended complaint is properly analyzed under Rule 4 instead of Rule 5 because Defendants were not served with the original complaint and have not previously appeared in this action. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 995-96, 999 (9th Cir. 2007) (discussing difference between application of Rule 4 and Rule 5 in serving an amended complaint).

14v1651 AJB (KSC)

than dismiss the action. *Id.* This is especially true when a plaintiff is proceeding without counsel. The Ninth Circuit has recognized there is "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984).

### 2.   Discussion

Despite the parties' extensive briefing, the facts surrounding Plaintiff's attempt to serve Defendants are relatively clear.[5] On January 7, 2015, Plaintiff mailed a package to Defendant Smith's work, addressed to Smith as an employee of Conrad Trust, located at 3866 Ingraham Street in San Diego, California 92109. (Doc. No. 13-1, p. 6; Doc. No. 22, p. 6.) The package was received on January 12, 2015, and contained a copy of Plaintiff's amended complaint and a form requesting Defendants waive service. (Doc. No. 13-1, p. 6-7.) In receipt of these documents, counsel for Defendants contacted Plaintiff via letter dated March 2, 2015, and explained to Plaintiff that service was not properly completed, and as such, Defendants would not file a responsive pleading. (*Id.* at 7.) On April 17, 2015, Defense counsel sent another letter to Plaintiff detailing why service of process was ineffective. (*Id.*) Defense counsel offered to accept service if Plaintiff provided the proper forms, made clear which defendant Plaintiff was requesting a waiver of service from, and included a self-addressed stamped envelope for use by Defendants in returning the waiver

---

[5] Concurrently with the motion to quash, Defendants filed a request for judicial notice, (Doc. No. 13-3), and a notice of lodgement requesting the Court take judicial notice of additional documents, (Doc. No. 13-4). Defendants' request for judicial notice, which relates to documents that comprise the Court's docket, is **GRANTED**. *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1049 (C.D. Cal. 2013) ("The court can take judicial notice of its own docket."). Defendants' notice of lodgement requests the Court take judicial notice of the letters sent by defense counsel to Plaintiff, Plaintiff's lease for the storage unit, and an addendum to the lease. (Doc. No. 13-4.) The Court **DENIES** Defendants' request for judicial notice of these documents as they are not appropriate subjects of judicial notice and are not relevant to the Court's analysis of the instant motions. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("Facts proper for judicial notice are those facts not subject to reasonable dispute and either generally known in the community, or capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned.) (internal citation omitted).

forms. (*Id.* at 13.) Because of these defects, Defendants did not sign and return the waiver forms. Plaintiff did not make any further attempts to serve Defendants, instead seeking entry of default on April 30, 2015. Defendants seek to quash service because Plaintiff did not comply with Rule 4 and did not properly obtain a waiver of service.

Rule 4 governs the permitted procedures for service of process, including service on individuals and corporations. Plaintiff elected to pursue a waiver of service from Defendants and therefore the Court's analysis is guided by Rule 4(d) which provides that a notice and request for a waiver of service must:

> (1) be in writing and addressed to the individual defendant; (2) name the court where the complaint was filed; (3) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form; (4) inform the defendant, "using the text described in Form 5," of the consequences of waiving and not waiving service; (5) state the date on which the request is sent; (6) give the defendant a reasonable time of at least thirty days after the request was sent to return the waiver; and (7) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1)(A)-(G). If the defendant agrees to waive service by returning the waiver to the plaintiff, the date of service is deemed to be the date on which the plaintiff files the waiver form with the court. Fed. R. Civ. P. 4(d)(4). If a defendant fails, without good cause, to sign and return a waiver requested by a plaintiff, the court must impose on the defendant the costs of service. Fed. R. Civ. P. 4(d)(2). Inherent in the language of Rule 4 is that a defendant is not required to respond to the request for a waiver of service. In such cases, the plaintiff must effect service of process on that defendant in a timely manner under Rule 4(m). *See Al Hizbullahi v. Bleisner*, No. 04-4903, 2009 WL 1855234, at *1-2 (N.D. Cal. June 29, 2009).

Plaintiff has not provided the Court with completed waiver of service forms, nor has Plaintiff provided proofs of service that indicate he personally served Defendants. Plaintiff also does not rebut Defendants' arguments that the package mailed to Defendants with the amended complaint and waiver forms did not comply with the requirements for obtaining a waiver of service. Indeed, Plaintiff concedes his attempt to obtain a

14v1651 AJB (KSC)

waiver of service from Defendants "constitute[d] technical noncompliance" with Rule 4. (Doc. No. 22, p. 5.) Thus, Plaintiff has failed to demonstrate that service was proper, as is his burden when service is challenged by a defendant. *See Brockmeyer*, 383 F.3d at 801. Instead, Plaintiff relies on the doctrine of substantial compliance in support of upholding service and denying Defendants' request to quash service or dismiss the amended complaint. Plaintiff cites the fact that Defendants had "actual notice of the suit and an actual true copy of the operative complaint," in addition to "ample opportunity to waive service" as support for his contention that he substantially complied with the requirements of Rule 4. (Doc. No. 22, p. 2.) Plaintiff also argues that the conditions imposed upon service by defense counsel were done so for improper purposes. (*Id.*)

In analyzing service of process, courts have recognized that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and 1532 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). The substantial compliance doctrine provides that a federal court need not dismiss a complaint for insufficient service of process based on technical defects in service when: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986) (quoting *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

While the doctrine of substantial compliance can be invoked to remedy minor defects in service and prevent dismissal, its applicability is generally found in cases distinguishable from the instant one.[6] For example, substantial compliance has been found where service was completed very close to the deadline. *See, e.g., Tyson v. City of*

---

[6] Both parties cite a significant number of cases decided by courts outside of the Ninth Circuit. As a district court situated in the Ninth Circuit, the Court is bound only by precedent of the United States Court of Appeals for the Ninth Circuit and the Supreme Court of the United States. *See Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit.").

*Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (service 121 days after filing of the complaint constituted "substantial compliance" with Rule 4(m)). Substantial compliance has also been found where there is a good faith effort to comply with service require-ments, but further compliance is prevented by a defendant's actions to evade service. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135-36 (9th Cir. 2009). The facts of this case are distinguishable because although Defendants and their counsel received actual notice of the amended complaint, Defendants did not attempt to evade service, and by virtue of Plaintiff's non-compliance with the requirements for obtaining a waiver, had good cause not to return the waiver forms. Additionally, while substantial compliance can be used to uphold service and prevent dismissal, as set forth more fully below, dismissal of Plaintiff's amended complaint is unwarranted.

Thus, finding Plaintiff did not properly obtain a waiver of service or otherwise properly effectuate service on Defendants, Defendants' motion to quash is **GRANTED**.[7]

## C.   Motion to Dismiss For Failure to Serve

Defendants request the Court dismiss Plaintiff's complaint for failure to serve pursuant to Rule 4(m). (Doc. No. 13-1, p. 27.) Rule 4(m) provides,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Although Rule 4(m) provides for dismissal, a court must extend Rule 4(m)'s 120-day time period if the plaintiff shows good cause for the failure to timely serve a defendant. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Even absent good cause, a court has broad discretion to extend the time for service. *Id.* at 1041; *Issaquah School Dist. No. 411*, 470 F.3d at 1293; *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). In exercising this discretion, courts may consider factors such as the length of delay in

---

[7] Plaintiff requests the Court award him costs associated with serving Defendants. (Doc. No. 22, p. 9-11.) As Plaintiff has not properly served Defendants and is entitled to service by the United States Marshals Service Plaintiff's request for costs of service is **DENIED**.

14v1651 AJB (KSC)

1   proper service, the statute of limitations, prejudice to the defendant, actual notice of the

2   lawsuit, and eventual service. *Id.* at 773.

3        Although Plaintiff did not properly serve his amended summons and complaint

4   within 120 days as required by Rule 4, the Court declines to dismiss this case. Plaintiff

5   attempted to obtain a waiver of personal service from Defendants, and believing he had

6   adequately served Defendants, moved for entry of default in an effort to further pursue his

7   claims. This is not a case where a plaintiff filed suit and left the complaint to languish

8   without service in excess of the 120-day deadline. *Cf.*, *McColm v. San Francisco Hous.*

9   *Auth.*, No. C025810, 2007 WL 1575883, at *8 (N.D. Cal. May 29, 2007) (dismissing

10  complaint for failure to serve when service occurred three and one-half years after filing

11  of complaint). Defendants cite the delay in service as being from the issuance of the

12  amended summons to the time of filing their reply brief, approximately 210 days,[8] as a

13  reason why the amended complaint should be dismissed for failure to serve. (Doc. No. 20,

14  p. 10.) The Court does not consider the time required by virtue of the parties' briefing on

15  this motion as part of Plaintiff's delay in service. Plaintiff filed the amended complaint on

16  December 15, 2014, and filed the request for entry of default against Defendants on April

17  30, 2015, just outside of the time permitted for service. Plaintiff's attempt to obtain a

18  waiver of service was timely, within one month of filing his amended complaint. Addi-

19  tionally, Defendants received actual notice of the litigation and were aware of Plaintiff's

20  claims. While this fact is insufficient to uphold improper service, it does weigh against

21  dismissal. The Court also finds no prejudice will result to Defendants if Plaintiff is

22  afforded further time to effectuate service given that a dismissal of Plaintiff's amended

23  complaint would be without prejudice. *See* Fed. R. Civ. P. 4(m). Finally, although

24  untimely, Plaintiff filed an opposition to Defendants' motion demonstrating his intent to

25  further pursue his claims. Though Plaintiff was informed of his defective request for a

26  waiver of service by defense counsel, Plaintiff's initial good faith attempt to obtain a

27

28

---

[8] From December 17, 2014, the date the Court issued the amended summons to July 21, 2015, the date Defendants filed their reply brief.

14v1651 AJB (KSC)

1  waiver of service, coupled with his pro se status, amounts to good cause for a continu-

2  ance. Defendants' request that the Court dismiss Plaintiff's amended complaint for failure

3  to serve pursuant to Rule 4(m) is **DENIED**. [9]

4        **D.**    **Plaintiff's Request For Service by The United States Marshals Service**

5        Plaintiff's opposition to Defendants' motion to quash requests a Court order

6  directing the United States Marshals Service to serve Defendants. (Doc. No. 22, p. 2.)

7  Plaintiff explains in his opposition that his attempt to obtain a waiver of service from

8  Defendants stemmed from the mistaken belief that the Marshals Service was no longer

9  effectuating service on behalf of IFP plaintiffs. (*Id.*)

10        In cases involving a pro se plaintiff who has sought and been granted IFP status, a

11  United States Marshal, upon order of the court, must serve the summons and the com-

12  plaint. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d) (in pro se proceedings, "[t]he officers

13  of the court shall issue and serve all process, and perform all duties in such cases"); *see*

14  *also Moody v. Finander*, No. CIV. 09-0892, 2010 WL 2354586, at *4 (S.D. Cal. June 9,

15  2010) (directing United States Marshal to effect service on behalf of pro se plaintiff with

16  IFP status); *Benny v. Pipes*, 799 F.2d 489, 493 n.4 (9th Cir. 1986) *amended*, 807 F.2d

17  1514 (9th Cir. 1987) (noting potential opportunity for pro se plaintiff to request IFP status

18  and utilize service by the Marshal); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)

19  (per curiam) (noting section 1915 applies to all IFP applicants, prisoner or non-prisoner).

20        Because Plaintiff was previously granted IFP status, the Court will issue an order

21  directing service by the Marshals Service once the pleadings are complete. If Plaintiff

22  chooses to amend his section 1983 claim, the Court will issue an order regarding service

23  after Plaintiff files a further amended complaint. If Plaintiff does not intend to further

24

25      [9] Plaintiff dedicates a significant portion of his opposition to discussing dismissal
of his complaint, the appealability of dismissal, and the effect of dismissal on the
26  applicable statute of limitations. (*See* Doc. No. 22, p. 20-40.) For the reasons set forth
above, dismissal of Plaintiff's amended complaint in its entirety is not appropriate, and
27  therefore the Court need not address Plaintiff's arguments related to dismissal and
appeal. Although the Court has dismissed one of Plaintiff's causes of action, that
28  dismissal is without prejudice and affords Plaintiff leave to amend. For these reasons,
Plaintiff's arguments in this regard are premature.

1  pursue his section 1983 claim, he is directed to notify the Court within fourteen (14) days
2  and the Court will issue an order regarding service by the Marshals Service at that time.

3       **E.**    **Motion to Set Aside Entry of Default**

4       Given the improper service of the amended complaint, Defendants request the
5  Court set aside the entry of default entered on April 30, 2015. A court may set aside an
6  entry of default for good cause. Fed. R. Civ. P. 55(c). Courts consider three factors in
7  analyzing good cause: (1) whether the defendant engaged in culpable conduct leading to
8  the default; (2) whether the defendant has a meritorious defense; and (3) whether vacating
9  the entry of default would prejudice the plaintiff. *See Franchise Holding II, LLC v.*
10 *Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court may set
11 aside an entry of default as void where the defendant demonstrates defects in service of
12 process. *See SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1165-66 (9th Cir.
13 2007); *Hupp v. San Diego Cnty. Dist. Atty.*, No. 12CV492, 2012 WL 2887229, at *2 (S.D.
14 Cal. July 12, 2012).

15      Because Plaintiff did not properly serve Defendants, the entry of default must be
16 set aside. Defendants' motion is **GRANTED**. The Clerk of Court is instructed to set aside
17 the entry of default entered against Defendants on April 30, 2015.

18      **F.**    **Motion For Electronic Filing Access**

19      Concurrently with his opposition, Plaintiff filed a motion for access to CM/ECF.
20 (Doc. No. 19.) Although the Court finds that CM/ECF access will remedy issues with
21 Plaintiff's access to court filings and court orders, Plaintiff has not complied with the
22 Administrative Policies and Procedures governing CM/ECF access. Pursuant to the
23 Southern District of California ECF Policies and Procedures Manual, a pro se litigant may
24 seek leave to file documents electronically by filing a motion demonstrating that the
25 litigant has the means to do so and agrees to be bound by the applicable rules and policies
26 for electronic filing. CASD ECF Policies and Procedures, § 2(b). Specifically, a pro se
27 litigant must state their equipment and software capabilities and agree to follow all rules
28 and policies in the CM/ECF Administrative Policies and Procedures Manual. *Id.* Al-

14v1651 AJB (KSC)

though Plaintiff requests CM/ECF access, he does not provide sufficient information for the Court to grant his request. Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. Plaintiff is directed to file a new motion seeking CM/ECF access which states the equipment available to Plaintiff for use of the CM/ECF system, the software capabilities of the equipment available to Plaintiff, and that Plaintiff agrees to follow the rules and policies in the CM/ECF Administrative Policies and Procedure Manual.[10] Plaintiff should endeavor to file this motion as soon as possible, but in no instance more than fourteen (14) days from the date of this order.

### G.     Compliance With Local Rules

Defendants note in their reply brief that Plaintiff fails to comply with certain Local Rules in filing his opposition. (Doc. No. 20, p. 3-4.) All parties, represented by counsel or otherwise, are required to comply with the Southern District of California Local Rules as well as the Federal Rules of Civil Procedure. CivLR 83.11.a.[11] Particular Local Rules of note include Local Rule 5.1.a which provides in relevant part, "[e]ach document filed, including exhibits where practicable, must be . . . typed in double space . . . [and be] no smaller than 14-point standard font (e.g.[,]Times New Roman) . . . ." CivLR 5.1.a. Local Rule 7.1.h places guidelines on the length of briefs and oppositions, importantly providing that oppositions must not exceed a total of twenty-five (25) pages in length . . . ." CivLR 7.1.h. Plaintiff's opposition far exceeds the length permitted by the Local Rules absent court approval, is not double-spaced, and is not in 14-point font. Plaintiff is encouraged to review the above-referenced Local Rules, available online, prior to filing further documents to ensure future compliance.[12]

---

[10] Plaintiff can access the CM/ECF Administrative Policies and Procedures Manual online at: https://www.casd.uscourts.gov/CMECF/Lists/Policies%20and%20Procedures/Attachments/2/CASDPolicies_01-15-2015.pdf

[11] Available online at: https://www.casd.uscourts.gov/Rules/SitePages/Home.aspx

[12] Defendants argue that Plaintiff's non-compliance with Local Rules in exceeding the number of permissible pages for an opposition prohibits Defendants from sufficiently rebutting each of Plaintiff's arguments. (Doc. No. 20, p. 9-10.) Many of Plaintiff's arguments do not require rebuttal by Defendants as they are either inapplicable or not

14v1651 AJB (KSC)

Defendants also request the Court order Plaintiff to provide defense counsel with Plaintiff's current mailing address. (Doc. No. 20, p. 10-11.) Local Rule 83.11.b requires that any party proceeding pro se keep both the Court and opposing parties apprised of his current address. CivLR 83.1.b. Plaintiff has informed the Court of his difficulty in maintaining a mailing address, but has remained in contact regarding hearing dates via telephone and email. Access to CM/ECF could remedy this issue in part, permitting Plaintiff to receive electronic notification of filings and providing Plaintiff with the ability to access any filed documents electronically. However, in accordance with Local Rules, and the request of defense counsel, Plaintiff is directed to contact chambers within ten (10) days of the date of this order to inform the Court of his current mailing address. If Plaintiff remains unable to obtain a permanent mailing address for the purposes of this litigation, the Court will entertain alternatives to traditional mail service for the future exchange of documents between the parties.

Finally, all parties are reminded of their duty to ensure their interaction with the Court and with each other is respectful and professional. The adversarial system relies on attorneys to treat each other, the Court, and others involved in the litigation with a high degree of civility and respect. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010).[13]

## IV. CONCLUSION

As set forth more fully above, the Court orders as follows:

(1)   Plaintiff's fifth cause of action is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff chooses to amend his complaint he must do so within thirty (30) days of the date of this order. If Plaintiff chooses not to amend his complaint, he must notify the Court so further action can be taken regarding service by the United States Marshals Service.

---

relevant to the Court's analysis. (*See, e.g.*, *supra* n.9.)

[13] *See also Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 n.2 ("[W]e lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values.").

14v1651 AJB (KSC)

(2)    Plaintiff is directed to comply with Federal Rule of Civil Procedure 5.1 within thirty (30) days of the date this order by filing a notice of constitutional challenge and serving that notice upon the California State Attorney General.

(3)    Defendants' motion to quash service and set aside entry of default is **GRANTED**. The Clerk of Court is instructed to set aside the entry of default entered on April 30, 2015, against Defendants Gregory J. Smith and Conrad Prebys Trust dba Secure Self Storage, LLC. The Clerk of Court is further instructed to strike the entry of default from the docket.

(4)    Defendants' request for dismissal of Plaintiff's amended complaint for failure to serve pursuant to Rule 4(m) is **DENIED**.

(5)    Plaintiff's motion for access to the Court's electronic filing system is **DENIED WITHOUT PREJUDICE**. Plaintiff is directed to file an amended motion seeking CM/ECF access no later than fourteen (14) days of the date of this order.

(6)    Plaintiff is ordered to contact chambers within ten (10) days of the date of this order to notify the Court of his current address.

**IT IS SO ORDERED**.


DATED:  August 6, 2015

_____

Hon. Anthony J. Battaglia
U.S. District Judge