UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT PROCOPIO,<br><br>         Plaintiff,<br><br>v.<br><br>CONRAD PREBYS TRUST DBA SECURE SELF STORAGE, LLC; CALTRANS RIGHT OF WAY-EXCESS LAND & AIRSPACE LEASING BRANCH, a political subdivision of the California Department of Transportation; GREGORY J. SMITH; MINICO INSURANCE AGENCY, LLC; WILLIAM RITCH, an individual DBA WEST COAST AUCTIONS, an unregistered business entity; CALIFORNIA SELF-STORAGE ASSOCIATION, the nonprofit trade association for the self-storage industry,<br><br>         Defendants. | Case No.: 14cv1651 AJB (KSC)<br><br>**ORDER:**<br><br>**(1) STRIKING PLAINTIFF'S SUPPLEMENTAL DOCUMENTS RE: CHALLENGE TO CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 21700 ET SEQ. (Doc. Nos. 49)**<br><br>**(2) CLARIFYING CLAIMS IN THE OPERATIVE SECOND AMENDED COMPLAINT;**<br><br>**(3) CERTIFYING PLAINTIFF'S CONSTITITIONAL CHALLENGE; AND (Doc. No. 47)**<br><br>**(4) ORDERING SERVICE OF THE SECOND AMENDED COMPLAINT BY THE U.S. MARSHAL IN ACCORDANCE WITH 28 U.S.C. § 1915 (Doc. No. 48)** |

Presently before the Court are several filings by Plaintiff Vincent Procopio ("Plaintiff") related to his claims that Defendants unlawfully auctioned the contents of Plaintiff's storage unit. (*See* Doc. No. 39.) These documents include a motion for service through the United States Marshal, (Doc. No. 48), a request for certification of Plaintiff's constitutional challenge to California Self-Service Storage Facility Act, (Doc. No. 47), and a supplemental document regarding Plaintiff's constitutional challenge, (Doc. No. 49). Plaintiff is proceeding pro se and has been granted *in forma pauperis* status.

## I.   Amended Documents Relating to Plaintiff's Constitutional Challenge

In accordance with its duties under 28 U.S.C. § 1915, the Court has screened several iterations of Plaintiff's complaint. Most recently, the Court screened Plaintiff's second amended complaint, (Doc. No. 39), and issued an order dismissing the majority of Plaintiff's claims, (Doc. No 43). The only claims that survived § 1915 screening were Plaintiff's state law claims for breach of contract and conversion, and his constitutional challenge to the California Self-Service Storage Facility Act. (*See id.*) Plaintiff was ordered to comply with Federal Rule of Civil Procedure 5.1, governing procedure for constitutional challenges to statutes, but was not otherwise granted leave to amend his constitutional challenge.

In his most recent filings, Plaintiff has provided an unsigned declaration stating that the California Attorney General was served in accordance with Rule 5.1. (Doc. No. 47.) Plaintiff fails to attach the document(s) allegedly served on the Attorney General in compliance with Rule 5.1. (*See id.* at 2) (stating "[a]ttached is a copy of the letter serving as notification of challenge" but no such letter is attached). In addition, and despite not being granted leave to amend his constitutional challenge to the California Self-Storage Facility Act, Plaintiff has filed a new document detailing the grounds for his constitutional challenge. (Doc. No. 49.)

Upon review of the documents filed by Plaintiff, the Court **STRIKES** Doc. No. 49 from the docket. First, no provision permits the filing of an amended constitutional challenge, nearly two years after Plaintiff first raised the constitutional challenge in his

1  amended complaint. (*See* Doc. No. 9 at 21.) Plaintiff was not granted leave to amend in
2  the Court's order screening his second amended complaint, or any prior order assessing
3  the sufficiency of Plaintiff's pleadings. Additionally, although Plaintiff was granted leave
4  to file a third amended complaint, and had the opportunity to amend several of his
5  dismissed claims, Plaintiff has failed to file a third amended complaint or otherwise
6  amend any dismissed claims. Plaintiff does reference Doc. No. 49 as a third amended
7  complaint. (*See, e.g.*, Doc. No. 49 at 3, 4, 5 84.) However, even if the Court were to
8  construe Doc. No. 49 as Plaintiff's third amended complaint, the document remains
9  flawed for two reasons.
10      First, Doc. No. 49 does not comply with Rule 8. The document does not set for the
11  grounds for the Court's jurisdiction, or include a short and plain statement of the claim
12  showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(1), (2). The Court has
13  previously cautioned Plaintiff about the need to comply with Rule 8's "short and plain
14  statement" requirement, encouraging Plaintiff to omit discussions of case law and legal
15  doctrines not central to Plaintiff's claims, and to exclude lengthy restatements of statutory
16  text. (*See* Doc. No. 43 at 4) (indicating that a plaintiff "must set forth the nature of [his]
17  claims in simple, concise, and direct language" and citing Rule 8). As presently styled,
18  Plaintiff's constitutional challenge does not comply with Rule 8.
19      Next, pursuant to Rule 12(f), the Court may strike from a pleading any redundant,
20  immaterial or impertinent matter even in the absence of a motion by a responding party.
21  *See* Fed. R. Civ. P. 12(f). Striking Doc. No. 49 is appropriate because the allegations set
22  forth therein are largely redundant of Plaintiff's constitutional challenge as articulated in
23  his second amended complaint, which survived mandatory screening under § 1915.
24  Additionally, the arguments and authority advanced in Doc. No. 49 are immaterial in the
25  context of an initial pleading such as a complaint. For these reasons, striking Doc. No. 49
26  is appropriate.
27      Lastly, the Court notes Plaintiff's pro se status and the requirement that litigants
28  representing their own interests need not strictly comply with pleading requirements.

However, pro se litigants must still endeavor to comply with procedural rules governing other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); S.D. Civ. L. R. 83.11.a ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim. P., as appropriate."). As noted above, Doc. No. 49 fails to comply with the Federal Rules of Civil Procedure and is appropriately stricken.[1]

The Clerk of Court is instructed to **STRIKE** Doc. No. 49 from the docket.

## II.   Remaining Claims and Operative Complaint

When the Court screened Plaintiff's second amended complaint, several of Plaintiff's claims were dismissed, most of which the Court dismissed with leave to amend. This included Plaintiff's claims for violations of: the political reform act, (Doc. No. 43 at 7), the Racketeer Influenced and Corrupt Organizations Act, (*Id.* at 9), claims related to the application of the Uniform Commercial Code, (*Id.* at 11), and violation of 42 U.S.C. § 1985(3), (*Id.* at 12). Plaintiff does not address any of these claims in any of his recent filings, including in Doc. No. 49 if construed as a third amended complaint. Accordingly, the Court finds that Plaintiff has waived any claim related to the above-referenced statutes, and those claims are **DISMISSED WITH PREJUDICE**.

---

[1] Because some of Plaintiff's claims survived screening of the second amended complaint, the Court declines to dismiss Plaintiff's claims in their entirety for failure to comply with Rule 8. However, in light of Plaintiff's repeated failure to comply with procedural rules, dismissal would also be appropriate. *See Stafford v. Fresno Cty.*, 187 F.3d 648 (9th Cir. 1999) (affirming dismissal of pro se plaintiff's amended complaint where the plaintiff failed to amend deficiencies despite several opportunities and violated court order by adding new claims to amended pleading without leave of court); *Stith v. Busch*, 4 F. App'x 521 (9th Cir. 2001) ("Because [the plaintiff's] second amended complaint failed to set forth simple, concise and direct averments, we conclude that the district court acted within its discretion in dismissing his action with prejudice.").

As such, the remaining claims in the second amended complaint are Plaintiff's claims for breach of contract and conversion, and his constitutional challenge.[2] Because Plaintiff has failed to file a third amended complaint as ordered, the second amended complaint, less the dismissed claims, is the operative pleading.

### III.  Certification of Constitutional Challenge

Plaintiff has also filed a request for certification of his constitutional challenge to the California Attorney General. (Doc. No. 47.) Plaintiff's request is **GRANTED**. Pursuant to 28 U.S.C. § 2403, the Court must certify to the state attorney general that there is a constitutional challenge to a state statute. The Court hereby certifies to the California Attorney General that Plaintiff has raised a constitutional challenge to the California Self-Service Storage Facility Act, California Business and Professions Code section 17200, *et seq.*, as detailed in the second amended complaint.

The attorney general may now intervene within sixty (60) days of the date of this order with respect to the following questions:

> Whether the provisions of the California Self-Service Storage Facility Act violate procedural and substantive due process rights with respect to pre-deprivation notice requirements.
>
> Whether the provisions of the California Self-Service Storage Facility Act violate the Equal Protection Clause of the Fourteenth Amendment.
>
> Whether the small claims provision of the California Self-Service Storage Facility Act violates due process.

---

[2] The Court's screening pursuant to § 1915 is in addition to, and not a substitute for, any subsequent challenges to the adequacy of Plaintiff's pleading. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (noting "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring")

1 | (*See* Doc. No. 39 at 45, 50, 51.)[3]

## IV. Service through the United States Marshal

Because Plaintiff is proceeding *in forma pauperis*, he is entitled to service through the United States Marshal. Accordingly, Plaintiff has also filed a declaration requesting the Court order the United States Marshal to serve Defendants. (Doc. No. 48.) In cases involving a pro se plaintiff who has sought and been granted *in forma pauperis* status, a United States Marshal, upon order of the court, must serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d) (in pro se proceedings, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); *see also Moody v. Finander*, No. CIV. 09–0892, 2010 WL 2354586, at *4 (S.D. Cal. June 9, 2010) (directing United States Marshal to effect service on behalf of pro se plaintiff with in forma pauperis status); *Benny v. Pipes*, 799 F.2d 489, 493 n. 4 (9th Cir. 1986) *amended,* 807 F.2d 1514 (9th Cir. 1987) (noting potential opportunity for pro se plaintiff to request in forma pauperis status and utilize service by the Marshal); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting section 1915 applies to all IFP applicants, prisoner or non-prisoner). Accordingly, the Court directs the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

For the reasons set forth above, the Court orders as follows:

1. Doc. No. 49 is **STRIKEN** from the docket.
2. The operative complaint is the second amended complaint, (Doc. No. 39), consisting only of Plaintiff's claims for breach of contract, conversion, and a constitutional challenge to the California Self-Service Storage Facility Act.

---

[3] Although the Court has granted Plaintiff's request for certification, that does not forfeit any challenges the Attorney General may have regarding Plaintiff's compliance with Federal Rule of Civil Procedure 5.1, or otherwise.

     3.    Plaintiff's request that the Court certify his constitutional challenge to the California Attorney General is **GRANTED** with respect to the questions noted above. (Doc. No. 47.)

     4.    The Clerk of Court is directed to provide a copy of this order, as well as the second amended complaint, to the California Attorney General.

     5.    Plaintiff's request for service through the United States Marshal is **GRANTED**. (Doc. No. 48.) The United States Marshal is directed to serve a copy of the second amended complaint and summons on Defendants as directed by Plaintiff on the USM Form 285.

**IT IS SO ORDERED**.

Dated:  August 31, 2016

Hon. Anthony J. Battaglia
United States District Judge