UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT PROCOPIO,<br><br>         Plaintiff,<br><br>v.<br><br>CONRAD PRESBYS TRUST DBA SECURE SELF STORAGE, LLC; CALTRANS RIGHT OF WAY-EXCESS LAND & AIRSPACE LEASING BRANCH, a political subdivision of the California Department of Transportation; GREGORY J. SMITH an individual; WILLIAM "KEN" RITCH, an individual, DBA WEST COAST AUCTIONS, an unregistered business entity; CALIFORNIA SELF STORAGE ASSOCIATION, the nonprofit trade association for the self-storage industry.<br><br>         Defendants. | Case No.: 14-CV-1651 AJB (KSC)<br><br>**(1) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER JUDGMENT UNDER RULE 59(e) OF THE FED. R. CIV. P.**<br>**(DOC. NO. 60)** |

  This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's orders dated May 20, 2016 and August 31, 2016. (Doc. Nos. 43, 52.) This motion was deemed submitted on October 27, 2016, pursuant to Civil Local Rule 7.1.f.3.c, after Defendants failed to file an opposition to the present motion by the deadline set by the

1

Court. (Doc. No. 64.) Accordingly, this motion is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. The motion hearing scheduled for January 5, 2017, is hereby vacated. Upon consideration of the papers, Plaintiff's motion to alter judgment is **GRANTED IN PART** and **DENIED IN PART.**

I.  BACKGROUND

The facts of this case are straightforward. Vincent Procopio ("Plaintiff") rented a storage unit owned by Defendants. (*See* Doc. No. 39 at 5.)[1] After failure to pay his rental fee, Defendants sold Plaintiff's belongings contained in the storage unit. (*Id.*) Plaintiff alleges that Defendants Conrad Prebys Trust dba Secure Self Storage, LLC, Caltrans Right of Way, Gregory J. Smith, William "Ken" Ritch, and California Self Storage Association (collectively referred to as "Defendants"), unlawfully auctioned Plaintiff's possessions. (*Id.* at 2.) Plaintiff requests aggregate economic, punitive, and special damages in the amount of $455,000. (*Id.* at 6.)

On July 11, 2014, Plaintiff filing pro se, instituted this action. (Doc. No. 1.) Plaintiff then moved for leave to proceed in forma pauperis ("IFP"). (Doc. No. 2.) On July 28, 2014, Plaintiff's motion to leave IFP was granted, while Plaintiff's complaint was sua sponte dismissed without prejudice by the Court. (Doc. No. 3.) Plaintiff then filed several motions for extensions of time to file his amended complaint. (Doc. Nos. 4, 6.) Plaintiff's first amended complaint ("FAC") was filed on December 16, 2014. (Doc. No. 9.) A notice of default was then entered as to Defendants on April 30, 2015. (Doc. No. 12.) On June 3, 2015, Defendants filed a motion to quash, (Doc. No. 13), which was granted on August 6, 2015. (Doc. No. 24.) Along with the motion to quash, Plaintiff's 42 § U.S.C. 1983 claim was dismissed with leave to amend, Defendants motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m) was denied, and Plaintiff's motion to access the Court's electronic filing system was denied without prejudice. (*Id.* at 6, 17.)

---

[1] Page numbers are in reference to the automatically generated CM/ECF page numbers and not the original document numbers.

1 | On December 18, 2015, Plaintiff filed his second amended complaint ("SAC"). (Doc. No. 39.) On May 20, 2016, the Court screened Plaintiff's SAC and ordered Plaintiff to properly serve the California State Attorney General with notice of his constitutional challenge to the California Self-Service Storage Facility Act. (Doc. No. 43 at 8.) In addition, the Court held that: (1) if Plaintiff intended to assert a violation of the Political Reform Act that claim was dismissed; (2) Plaintiff's 42 U.S.C. § 1983 claim was dismissed without leave to amend; (3) Plaintiff's claim for 18 U.S.C. § 1962 Racketeer Influenced and Corrupt Organizations Act ("RICO") was dismissed with leave to amend; (4) to the extent Plaintiff intended to assert Defendants were not commercially reasonable and therefore violated the Uniform Commercial Code ("UCC") that claim was dismissed with leave to amend; (5) Plaintiff's claim for violation of 42 U.S.C. § 1985(3) Conspiracy to Interfere with Civil Rights was dismissed with leave to amend; (6) Plaintiff's claim pursuant to 18 U.S.C. § 1346 Violation of Public Trust was dismissed without leave to amend; and (7) Plaintiff's claims for violation of the California Penal Code was dismissed. (*Id.* at 7-13.) On August 4, 2016, Plaintiff then filed with the Court a motion for extension of time to amend his complaint, (Doc. No. 45), which was granted on the same day. (Doc. No. 46.) Plaintiff then filed a supplemental document, (Doc. No. 49), which was stricken per order on August 31, 2016. (Doc. No. 52.) The Court struck Plaintiff's document finding that it did not constitute a third amended complaint ("TAC") for several reasons including that it did not comply with Federal Rules of Civil Procedure 8 and 12(f). (*Id.* at 3.) In addition, the Court found that Plaintiff waived several of his claims as he did not address those claims in Doc. No. 49. (*Id.* at 3-4.) Lastly, the Court granted Plaintiff's request that the Court certify his constitutional challenge to the California Attorney General as well as his request for service through the United States Marshal. (*Id.* at 7.)

Plaintiff filed the present matter on September 28, 2016. (Doc. No. 60.) After filing his motion for reconsideration, Plaintiff consequently filed a notice of appeal, and a notice of intent to file a Rule 60(b) motion. (Doc. Nos. 61, 62.)

///

## II. **LEGAL STANDARD**

A motion to alter judgment is brought under Federal Rule of Civil Procedure 59(e). *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). An amendment to a judgment is appropriate under Fed. R. Civ. P. 59(e) if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or made an initial decision that was manifestly unjust; or (3) there has been an intervening change of controlling law. *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001) (citing *School Dist. No. 1J, Multnomah Co., v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). The Ninth Circuit has recognized that in the interests of finality and conservation of judicial resources, Rule 59(e) is an extraordinary remedy that is used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Further, it has been established that this type of motion may not be used to "relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Ann Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995).

## III. **DISCUSSION**

Plaintiff uses this motion to argue that the orders of May 20, 2016 and August 31, 2016 should be vacated. (Doc. No. 60 at 8.) In support of his motion, Plaintiff alleges that: (1) the Court erred in failing to properly evaluate the SAC; (2) the authority the Court cited in application of the § 1915(e)(2) screening procedures is inapposite to precedent set forth by the Supreme Court; (3) that a 28 U.S.C. § 1915(e)(2) screening is the equivalent of a summary judgment hearing; and (4) that responsive pleadings and discovery should have been allowed prior to summary dismissal with prejudice of his case. (*Id.*)

As an initial matter, the Court notes that a motion to alter judgment must be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). Thus, Plaintiff's motion is only timely as to the August 31, 2016 judgment by the Court. (Doc. No. 51.) As Plaintiff has filed a notice of intent to file a Rule 60(b) motion, (Doc. No. 62), and Plaintiff's motion to alter judgment is untimely as to the May 20, 2016 order, the Court will reserve discussion of that judgment until Plaintiff's Rule 60(b) motion is filed, if

Plaintiff still intends to do so.

Next, the Court turns to Plaintiff's allegations in support of his motion to alter the Court's judgment made on August 31, 2016. On August 31, 2016, the Court struck Plaintiff's claim challenging the constitutionality of the California Self-Service Storage Facility Act finding that it did not comply with Rule 8 and was redundant of allegations made in Plaintiff's SAC. (Doc. No. 52 at 3.) In addition, Plaintiff's claims for violations of the Political Reform Act, RICO, claims related to the application of the UCC, and violation of 42 U.S.C. § 1985(3) were dismissed with prejudice as they were not addressed in Doc. No. 49. (*Id.* at 4.)

### A. Plaintiff's Request for a Three Judge Review

The Court first turns to Plaintiff's request for a three judge review of his constitutional challenge to the California Self-Service Storage Facility Act. (Doc. No. 60 at 4.) Despite the abundance of case law to support his argument, the Court denies Plaintiff's request.

Plaintiff asks the Court to impanel a three judge court pursuant to 28 U.S.C. § 2284(a) which states that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." (*Id.*) Plaintiff's claim is challenging the constitutionality of the California Self-Service Storage Facility Act. (*See* Doc. No. 13-1 at 9; *See* Doc. No. 39 at 17.) It is clear that this constitutional challenge does not fall under 28 U.S.C. § 2284(a). *See Shapiro v. McManus*, 135 S. Ct. 450, 452 (2015) (finding that plaintiff was entitled to a three judge court as plaintiff's claim was in relation to Maryland's 2011 congressional redistricting plan). As Plaintiff's claim is completely unrelated to the constitutionality of apportionment in districts or statewide legislative bodies, the Court is unable to refer the case to a three judge court. As a result, the Court **DENIES** Plaintiff's request to impanel a three judge review pursuant to 28 U.S.C. § 2284(a).

Plaintiff also makes reference to 28 U.S.C. § 2281[2] to support his request for a three judge review. (Doc. No. 60 at 4.) Quoting from a case that Plaintiff cites himself in his motion, Title 28 U.S.C. § 2281 "does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial." *Goosby v. Osser*, 409 U.S. 512, 518 (1973). "Constitutional insubstantiality for this purpose has been equated with such concepts as 'essentially fictitious,' *Bailey v. Patterson*, 369 U.S. 31, 33 (1962), 'wholly' insubstantial, *Id.*, 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910), and 'obviously without merit,'" *Ex Parte Poresky*, 290 U.S. 30, 32 (1933). "In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous . . . ." *Goosby*, 409 U.S. at 518.

It is clear that Plaintiff's constitutional challenge does not survive this test. When the Court screened Plaintiff's SAC the Court found that Plaintiff cited to various provisions of the United States Code and California Civil Code but failed to state a claim under any of the cited statutes. (Doc. No. 43 at 9.) In addition, after analyzing the SAC the Court discovered that the statutes cited by Plaintiff did not form the basis of a private right of action. (*Id.*) Furthermore, when analyzing Doc. No. 49, the Court struck Plaintiff's constitutional challenge claims finding them noncompliant with Rule 8 and 12(f) of the Federal Rules of Civil Procedure. In light of all the foregoing factors, the Court finds it would be inappropriate to seek a three judge review for Plaintiff's claim challenging the constitutionality of the California Self-Service Storage Facility Act. Plaintiff has been

---

[2] Public Law 94-381 prospectively repealed 28 U.S.C. § 2281 which stated that "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

granted leave to amend his complaint several times by this Court and despite this, Plaintiff still has yet to provide the Court with a short statement that provides evidence of the claims he is making. Thus, the Court continues to find Plaintiff's constitutional challenge to be insubstantial and without merit. Accordingly, Plaintiff's references to seek a three judge review through 28 U.S.C. § 2281 is also **DENIED**.[3]

### B.   § 1915(e)(2) Screening Procedures

Plaintiff discusses at great length the process and applicability of 28 U.S.C. 1915(e)(2), which requires judicial screening of a lawsuit and dismissal under certain conditions. (Doc. No. 60 at 8-17.) However, spanning nine pages in length, Plaintiff simply recites case law and statutory texts with no facts to support Plaintiff's beliefs and arguments. (*Id.*) As currently argued, Plaintiff does not present any newly discovered evidence or identify any change in controlling law. Rather, the Court believes that Plaintiff is trying to argue that the Court committed clear error by applying a heightened pleading standard to his complaint in defiance of the general pleading requirements of Rule 8(a). (*See* Doc. No. 60 at 14-16.)

The purpose of Rule 59(e) is not to give "an unhappy litigant one additional chance to sway the judge." *Kilgore v. Colvin*, No. 2:12-cv-1792-CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Campion v. Old Republic Home Protection*, No. 09-cv-748-JMA(NLS), 2011 WL 1935967, at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *See*

---

[3] The Court also notes that Plaintiff has failed to follow the requirements of the Civil Local Rules which asks that parties requesting a three-judge court to use the phrase "Three-Judge District Court Requested" after the first pleading and to file the original and three copies of every pleading, motion, notice or other document with the clerk until it is determined either that a three-judge court will not be convened or that the three-judge court has been convened and dissolved, and the case remanded to a single judge. S.D. Cal. Civ. R. 9.2(a)-(c). The Court recognizes that failure to comply with this local rule is not a ground for failing to convene a three-judge court. *Id.*

*Garcia v. Biter*, No. 1:13-cv-00599-LJO-SKO-(PC), 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016) (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). If Plaintiff wishes to argue that the Court committed clear error in its judgment dated August 31, 2016, the Court finds that Plaintiff has failed to demonstrate that this Court overlooked, mishandled or made a clearly erroneous decision when it struck Plaintiff's constitutional challenge from the docket.

As Plaintiff is filing pro se and may have misunderstood the legal basis of the Court's August 31, 2016 judgment, the Court will readdress the Court's analysis and conclusion. The Court struck Plaintiff's constitutional challenge in Doc. No. 49 for failing to apply several Federal Rules of Civil Procedure.[4] Upon review of the judgment, the Court agrees with its August 31, 2016 order striking Plaintiff's constitutional challenge. In addition, if Plaintiff intends to argue that the Court speciously applied a heightened pleading standard when it struck Plaintiff's constitutional claim, the Court disagrees with that contention.

After carefully analyzing the Court's August 31, 2016 order, the Court finds that Doc. No. 49 did not comply with Rule 8. (Doc. No. 52 at 3.) The Court found that despite previous warnings, the document did not set forth the grounds for the Court's jurisdiction, or include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(1), (2). (*Id.*) In addition, the Court found that Plaintiff did not follow the "short and plain statement" requirement when Plaintiff provided case law and legal doctrines not central to Plaintiff's claims and lengthy statements of statutory text. (*Id.*); *See Dome v. Governor of Cal.*, No. 08cv1759-L(NLS), 2010 WL 2710483, at *2 (S.D. Cal. July 8, 2010) (dismissing the plaintiff's complaint as it did not contain any factual allegations and thus did not satisfy F.R.C.P 8(a)(2)). Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which

---

[4] The Court also noted in its order that no provision permitted the filing of an amended constitutional challenge almost two years after Plaintiff first raised the constitutional challenge in his amended complaint. (Doc. No. 52 at 2.)

the claim rests. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). As a result, the Court was not unjust in striking Plaintiff's constitutional challenge from Doc. No. 49. Furthermore, the Court notes that Plaintiff was provided several chances to amend his complaint to be in compliance with Rule 8, however, Plaintiff repeatedly failed to follow the direction given by the Court to remedy these basic issues. (*See* Doc. No. 43 at 4; Doc. Nos. 4, 6, 45.)

Furthermore, pursuant to Rule 12(f), the Court found that Doc. No. 49 was largely redundant of Plaintiff's constitutional challenge as articulated in his SAC. (Doc. No. 52 at 3.) The function of a Rule 12(f) motion is "to avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Redundant" matter is defined as the needless repetition of allegations. 5C Charles Alan Wright et. Al., Federal Practice & Procedure § 1382 (3d ed. 2013). After reviewing the Court's judgment on August 31, 2016, the Court reaffirms its motion to strike Plaintiff's constitutional claim pursuant to Rule 12(f). As stated by the Court in its order, the Court struck Doc. No. 49 as it was largely redundant of Plaintiff's constitutional challenge which survived mandatory screening under § 1915. (Doc. No. 52 at 3.) Thus, any further duplication of these arguments would be a waste of judicial resources. Additionally, Plaintiff provides no evidence or factual analysis to this Court to support relief under Fed. R. Civ. P. 59(e). (*Id.*)

In sum, Plaintiff has not presented the Court with any newly discovered evidence, a change in controlling law or facts to show that the Court made a clear mistake in its judgment. Instead, Plaintiff provides the Court with a motion that is wholly constructed of case law and statutory texts with no facts or analysis to support his arguments or claims. Citing from a case Plaintiff quotes in his own motion, Plaintiff highlights that "the PLRA's screening requirement does not . . . justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." (Doc. No. 60 at 13.) After careful analysis of the Court's judgment and exploration into Plaintiff's constitutional challenge, the Court finds that it scrutinized Plaintiff's constitutional challenge adhering to the "usual procedures." Therefore, the Court **DENIES** Plaintiff's request to alter the Court's judgment

in regards to striking Plaintiff's challenge to the constitutionality of the California Self-Service Storage Facility Act.

The Court's August 31, 2016 judgment also found it proper to dismiss Plaintiff's Political Reform Act, RICO Act, California Penal Code, claims related to the application of the UCC, and 42 U.S.C. § 1985(3) claims as Plaintiff failed to readdress the claims in Doc. No. 49. (Doc. No. 52 at 4.) It has been a long standing rule that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *see also Allen v. Mayberg*, No. 1:06-cv-01801-AWI-GSA (PC), 2008 WL 5135629, at *15 (E.D. Cal. Dec. 8, 2008). However, *Lacey v. Maricopa County*, overruled this holding. 693 F.3d 896, 928 (9th Cir. 2012). The court in *Lacey* found that asking parties to reiterate their claims in an amended complaint or risk having their causes of action be subject to dismissal with prejudice to be unfair to litigants and district courts. *Id.* at 927–928. In addition, the court found there to be no countervailing reason to keep the current rule. *Id.* As a result, since Plaintiff was allowed leave to amend these causes of action (Doc. No. 43 at 13-14), the Court was in error when it dismissed the claims with prejudice after Plaintiff failed to readdress them in Doc. No. 49. Accordingly, Plaintiff's motion to alter the Court's judgment is **GRANTED** in relation to his Political Reform Act, RICO, UCC, § 1985(3) and California Penal Code claims.

On a final note, as Plaintiff is being granted another chance to amend certain causes of action, the Court advises Plaintiff to refrain from providing the Court with any further documents that are devoid of any underlying facts and made solely of citation to case law. Plaintiff himself cites to cases in the instant action that state that parties must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (Doc. No. 60 at 16.) However, Plaintiff has repeatedly failed to satisfy this basic standard. The Court understands that Plaintiff is filing pro se, however, even pro se litigants must follow the same rules of procedure that govern other litigants. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984); *see also Am. Ass'n of Naturopathic*

*Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) ("A pro se litigant is not excused from knowing the most basic pleading requirements.")

## IV. CONCLUSION

Plaintiff's motion to alter the Court's August 31, 2016 judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that it was within its discretion to strike Plaintiff's constitutional challenge for failure to comply with Rule 8 and 12(f) of the Federal Rules of Civil Procedure. Therefore, Plaintiff's motion to alter the Court's judgment as to his constitutional challenge to the California Self-Service Storage Facility Act is **DENIED**. Due to a change in controlling law, Plaintiff's motion to alter the Court's judgment dismissing Plaintiff's Political Reform Act, RICO, UCC, § 1985(3) and California Penal Code claims with prejudice is **GRANTED.** Plaintiff may file an amended complaint within sixty (60) days of the date of this order. Failure to cure the deficiencies noted herein may result in dismissal without further opportunity to amend. While the Court has granted Plaintiff leave to amend some of his claims that does not entitle Plaintiff to plead entirely new causes action. Thus, Plaintiff must limit his amendment to curing the pleading deficiencies in only the claims granted leave to amend.

**IT IS SO ORDERED**.

Dated: November 18, 2016

Hon. Anthony J. Battaglia
United States District Judge