UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT PROCOPIO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CONRAD PREBYS TRUST DBA SECURE SELF STORAGE, LLC. et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 14cv1651 AJB (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECONSIDERATION; AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>**(Doc. No. 68)** |

　　　This matter comes before the Court on Plaintiff Vincent Procopio's ("Plaintiff") motion for reconsideration of the Court's order dated November 18, 2016, pursuant to Federal Rules of Civil Procedure ("FRCP") 59(e) and 60, and motion for clarification. (Doc. No. 68.) The Court finds this motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Accordingly, the motion hearing scheduled for February 9, 2017 is hereby vacated. For the reasons set forth more fully below, the Court clarifies its November 18, 2016 order, and **DENIES** Plaintiff's motion for reconsideration.

1

# BACKGROUND

As the Court is already well-versed as to the framework of this case, the Court will only provide a brief discussion of its background. On July 11, 2014, Plaintiff, proceeding pro se, instituted this action against several parties. (Doc. No. 1.) Concurrently, with the Complaint, Plaintiff moved for leave to proceed in forma pauperis ("IFP"). (Doc. No. 2.) On July 28, 2014, the Court granted Plaintiff IFP status but, sua sponte dismissed Plaintiff's complaint for lack of subject matter jurisdiction. (Doc. No. 3.)

On December 18, 2015, Plaintiff filed his second amended complaint ("SAC"). (Doc. No. 39.) Plaintiff asserts several causes of action that stem from Plaintiff's rental of a storage unit and subsequent auction of his belongings pursuant to provisions of the California Self-Service Storage Facility Act ("CSSSFA"). (*See Generally*, Doc. No. 39.) In sum, Plaintiff's causes of action included: (1) a challenge to the constitutionality of the CSSSFA; (2) violation of 42 U.S.C. § 1983; (3) allegations regarding violation of the Political Reform Act; (4) claims pursuant to 18 U.S.C. § 1962; (5) conversion; (6) breach of contract; (7) application of the Uniform Commercial Code ("UCC"); (8) claim pursuant to 42 U.S.C. § 1985(3); (9) claim pursuant to 18 U.S.C. § 1346; and (10) violation of the California Penal Code. (*Id.*) On May 20, 2016, the Court dismissed Plaintiff's SAC for failure to state a claim. (Doc. No. 43.) Plaintiff's claims of violations of 42 U.S.C. § 1983, and 18 U.S.C. § 1346 were dismissed without leave to amend. (*Id.* at 13-14.)

On August 15, 2016, Plaintiff filed an amended motion to certify his constitutional challenge, (Doc. No. 47), which was granted on August 31, 2016. (Doc. No. 52.) In this same order, the Court also concluded that Doc. No. 49 should be struck from the docket. (*Id.*) In addition, the Court dismissed with prejudice several of Plaintiff's claims as they were not addressed in any of his recent filings, including Doc. No. 49, if construed as a third amended complaint ("TAC"). (*Id.* at 4.)

Plaintiff then filed a motion for reconsideration pursuant to FRCP 59(e) on September 28, 2016, (Doc. No. 60), which was granted in part and denied in part on November 18, 2016. (Doc. No. 65.) Presently before the Court is Plaintiff's amended

motion for reconsideration and request for clarification. (Doc. No. 68.) Defendants did not file an opposition.[1]

## LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that, after entry of judgment, a court may alter or amend the judgment. "[T]he district court enjoys considerable discretion in granting or denying [a Rule 59(e)] motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted). Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6); *Moore v. Mortg. Elec. Registration Sys. Inc.*, 650 F. App'x 406, 408 (9th Cir. 2016).

## DISCUSSION

Plaintiff seeks clarification as to the current status of his challenge to the constitutionality of the CSSSFA. (Doc. No. 68 at 5.) As explained more fully below, the Court elucidates that Plaintiff's constitutional challenge to the CSSSFA has not been dismissed entirely from this action on the grounds of insubstantiality and frivolity, but instead was struck only from Doc. No. 49 for failure to follow several rules of federal procedure.

To help clear up any confusion Plaintiff may have, the Court will briefly explain the

---

[1] The Court notes that as of August 19, 2016, Defendants have failed to actively participate in this case. (Doc. No. 50.)

holding of its order dated November 18, 2016. On August 31, 2016, the Court found it appropriate to strike Doc. No. 49 from the docket for several reasons. First, the Court found that no provision permits the filing of amended constitutional challenge nearly two years after Plaintiff first raised the constitutional challenge in his amended complaint. (Doc. No. 52 at 2.) Second, the Court found that Plaintiff was not granted leave to amend to file a TAC or otherwise amend any of the dismissed claims. (*Id.* at 3.) Furthermore, the Court explained that if Doc. No. 49 was meant to be construed as Plaintiff's TAC, the document remained flawed as it did not comply with FRCP 8, and because the allegations were largely redundant of Plaintiff's constitutional challenge as articulated in Plaintiff's SAC, which survived mandatory screening under § 1915. (*Id.*) Thus, the Court found it appropriate to strike Doc. No. 49, which included an amended version of Plaintiff's constitutional challenge.

On November 18, 2016, the Court granted in part and denied in part Plaintiff's motion for reconsideration of the Court's August 31, 2016 order discussed above. (Doc. No. 65.) Specifically, the Court denied Plaintiff's motion to reconsider striking Doc. No. 49 from the docket, and granted Plaintiff's motion to alter the Court's judgment dismissing his claims of: (1) the Political Reform Act; (2) 18 U.S.C. § 1962; (3) claims related to the application of the UCC; and (4) violation of 42 U.S.C. § 1985(3) with prejudice. (*Id.* at 10.) Consequently, the Court clarifies that its November 18, 2016 order only struck Plaintiff's challenge to the constitutionality of the CSSSFA as it was pled in Doc. No. 49. Accordingly, the operative pleading is now Plaintiff's SAC, (Doc. No. 39), which includes Plaintiff's constitutional challenge claim to the CSSSFA.

## **CONCLUSION**

For the reasons set forth more fully above, the Court expounds that Plaintiff's constitutional challenge to the California Self-Service Storage Facility Act is still an active cause of action as pled in Plaintiff's Second Amended Complaint. Accordingly, the Court orders as follows:

1.)   Plaintiff's motion for reconsideration as to the Court's November 18, 2016

order is **DENIED**.

2.) The operative complaint is Plaintiff's second amended complaint, Doc. No. 39, consisting only of Plaintiff's claims for: 1) the Political Reform Act; (2) 18 U.S.C. § 1962; (3) application of the Uniform Commercial Code; (4) 42 U.S.C. § 1985(3); (5) violation of the California Penal Code; (6) breach of contract; (7) conversion; and (8) the constitutional challenge to the California Self-Service Storage Facility Act.

3.) Plaintiff may file an amended complaint with sixty (60) days of the date of this order. While the Court has granted Plaintiff leave to amend the claims listed above, that does not entitle Plaintiff to plead entirely new causes of action. Plaintiff must limit his amendment to curing the pleading deficiencies as set forth in Doc. No. 43.

**IT IS SO ORDERED**.

Dated: February 9, 2017

Hon. Anthony J. Battaglia
United States District Judge